## Case No. 9,836.

### MORRIS et al. v. SHELBOURNE.

[8 Blatchf. 266; 4 Fish. Pat. Cas. 377.] [1]

Circuit Court, E. D. New York. Feb. 27, 1871.

INJUNCTION — PRELIMINARY — PATENT CASE — IN WHAT CASES AWARDED—SECURITY BY DEFENDANT.

On a motion for a preliminary injunction, to restrain the infringement of a patent for a dredging machine, the validity of the patent was denied, on the ground of a prior public use. it had never been adjudicated upon, and the general allegation of public acquiescence, in the bill, and which was the only proof thereof, was denied. The defendant was constructing for his own use a single machine: *Held*, that the injunction ought not to be granted, provided the defendant should give security sufficient to protect the plaintiff against all loss and damages by reason of the construction and use of the machine, and to pay any sum which might be awarded to the plaintiff in the suit.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission.]

[This was a bill in equity by Augustus T. Morris and James Cummings against Sidney F. Shelbourne to enjoin the infringement of letters patent No. 54,649 and 85,602, granted to Augustus T. Morris May 8, 1866, and January 5, 1869, respectively.]

George Gifford, for plaintiffs.
Keller & Blake, for defendant.

BENEDICT, District Judge. This is a motion for an injunction to restrain the defendant from completing and using a certain dredging machine, now in process of construction by the defendant, at the Continental Yard, in this city, upon the ground that it is an infringement of two patents belonging to the plaintiffs, one dated May 8th, 1866, and the other January 5th, 1869.

The use of the parts and combination claimed as patented is not denied, but the patents relied on are claimed to be void. These patents have never been adjudicated upon, the general allegation of public acquiescence contained in the bill, and which is the only proof thereof, is denied, and a prior public use and want of novelty is averred. There is no evidence showing the extent of the use of the plaintiff's patent, or the number of machines sold by them. The character of the machine, and the uses to which it is put, seem to indicate that the use has not been very extensive, while the affidavits contain some evidence of a prior public use of the patented parts, in connection with a former patent, which has expired. In view of the nature of the machine in question, and of the fact that it is not being constructed for sale, but is a single machine, which the defendant has constructed for employment in his own dredging operations, and for the use of which the plaintiffs can be fully compensated in the event of a decree in their favor, and it appearing that an injunction would be likely to cause serious loss to the defendant, without corresponding benefit to the plaintiffs, I am of the opinion, that a preliminary injunction should not be granted. provided the defendant, under the direction of the court, within five days, and on notice to the plaintiffs, gives security sufficient to protect the plaintiffs against all loss and damages by reason of the construction and use of the machine in question, and to pay any sum which may be awarded to the plaintiffs herein.